CASE No. 949.

## STATE v. McKETTRICK.

1. The punishment for both grades of assault and battery being now prescribed by statute, all indictments for this offence must conclude *contra formam statuti.*
2. Trial justices have exclusive jurisdiction of assaults and batteries which are not of a high and aggravated nature.
3. Courts of General Sessions have exclusive jurisdiction of assaults and batteries of a high and aggravated nature; but to give jurisdiction the aggravation must be set forth in the indictment more specifically than in the technical terms usual at common law.
4. If a trial justice determines that a case of assault and battery brought before him is beyond his jurisdiction, and binds the defendant over to the Court of General Sessions, such determination of the grade of the offence is not conclusive upon the higher court.

---

Before PRESSLEY, J., Abbeville, September, 1879.

Upon the call of this case at April Term, 1880, of the Supreme Court, it was found that the defendant's sentence had not been pronounced. The hearing of the case was suspended, this court holding that the appeal should be from the sentence. See 13 S. C. 439. At the next succeeding term of the Circuit Court for Abbeville, the sealed sentence was opened and pronounced, and defendant appealed.

The case is fully stated in the opinion.

*Mr. W. C. Benet,* for appellant.

Simple assault and battery was made a statutory offence by the act of 1870, (*Gen. Stat.* 195,) to which the common law must give place. 1 *Bl. Com.* 89; 14 *Rich.* 174; 2 *Brev.* 300. Otherwise, there would be two different punishments for the same offence. Where a statute changes the nature and degree, or the punishment of an offence, the indictment should conclude *contra formam.* 10 *S. C.* 193; *Whart. Prec.* 25; *Archb. Cr. Pr. & Pl.* 290.

Of simple assault and battery courts of trial justices have exclusive jurisdiction under the constitution, (art. I., § 19, and art. IV., § 18,) they being the "other officer authorized by law." 2 *S. C.* 404. This is fully shown by the reasoning of the court in *State* v. *Harper,* 6 *S. C.* 464; see, too, 2 *S. C.* 1, and *Dud.* 167. The ground upon which this court, in *State* v. *Williams,* 13 *S. C.* 585, overruled *State* v. *Harper, supra,* as to petit larceny, sustains this position. In Williams' case it was held that petit larceny was not without the jurisdiction of the Court of General Sessions, because the punishment provided by statute was in excess of that within the competency of trial justices. But in cases of simple assault and battery the special punishment provided is not in excess of the competency of trial justices. *Gen. Stat.,* ch. XXV., §§ 9, 10. Trial justices have *exclusive* jurisdiction. Apply the severe tests laid down in 14 *Rich.* 37 and *Id.* 283, and we have an exclusive jurisdiction declared in the words of article I., section 19: "All offences less than felony, &c., shall be tried *summarily* by a justice of the peace or other officer authorized by law, *on information under oath, without indictment* or *intervention of a grand jury.*" These are clearly exclusive of the Court of General Sessions. See *Gen. Stat.* 708, § 2. The incongruity—and a striking one it is— which this court met in interpreting the law and the constitution with reference to petit larceny in State *v.* Williams, does not appear with reference to common assault and battery.

As a case of aggravated assault, which is within the jurisdiction of the Circuit Court, the indictment is fatally defective in

not setting out in terms the aggravation. Indictments must be certain to every intent, (1 *Chit. Cr. Law* 171–2,) both in matter charged and in manner of charging it. *Id.* 169, 171 ; *Bac. Ab., tit. " Indictment,"* G 1 ; 1 *Rich.* 184. Not one aggravating fact is set forth. The charge is general and by way of recital. But an aggravated assault is not a simple assault. *Gen. Stat.* 195 ; 2 *Bish. on C. L.,* §§ 42–3; *Archb. Cr. Pr. & Pl.* 926–7 ; 3 *Chit. on Cr. Law* 821, *et seq.* ; 1 *Bish. on Cr. Proc.,* §§ 77–88.

*Mr. Solicitor Cothran,* contra.

When a statute prescribing punishment is simply cumulative, the *contra formam statuti* may be disregarded. Trial justices clearly have a discretion to say whether a case of assault is within their jurisdiction. In this case the trial justice said he had no jurisdiction, and the sentence of the higher court proves that it was so. His discretion cannot be controlled.

The " other enormities " charged in the indictment sufficiently includes acts of aggravation ; dragging by the hair, &c., as in this case.

Assault and battery is a common law offence. The statutes so recognize it, and simply prescribe the punishment.

December 7th, 1880. The opinion of the court was delivered by

SIMPSON, C. J. In this case, the appellant was put upon trial at the September Term, 1879, of the Court of General Sessions for Abbeville county, under charge of assault and battery.

The indictment was as follows :

" The State of South Carolina, county of Abbeville, to wit:

" At a Court of Sessions, begun to be holden in and for the county of Abbeville, in the State of South Carolina, at Abbeville court-house, in the county and state aforesaid, on the first Monday of September, in the year of our Lord one thousand eight hundred and seventy-nine, the jurors of and for the county aforesaid, in the state aforesaid, upon their oaths, present that George McD. McKettrick, on the fourth day of June, in the year of our Lord one thousand eight hundred and seventy-nine,

with force and arms, at Abbeville court-house, in the county and state aforesaid, in and upon one Amanda McKettrick, in the peace of God and of said state, then and there being, did make an assault, and the said Amanda McKettrick, then and there, did beat, wound and ill-treat, and other wrongs and enormities to the said Amanda McKettrick then and there did, against the peace and dignity of the same state aforesaid.

" And the jurors aforesaid, upon their oaths aforesaid, do further present that the said George McD. McKettrick, on the fifth day of June, in the year of our Lord one thousand eight hundred and seventy-nine, with force and arms, at Abbeville court-house, in the county and state aforesaid, in and upon Amanda McKettrick, in the peace of God and of this state, then and there being, did make an assault, and the said Amanda McKettrick then and there did beat, wound and ill-treat, and other wrongs and enormities to the said Amanda McKettrick then and there did, against the peace and dignity of the same state aforesaid.

· " J. S. COTHRAN, *Solicitor*.

" True bill—WM. Z. McGHEE, *Foreman*."

Upon this indictment the defendant was found guilty, with recommendation by the jury " to the mercy of the court." Thereupon, a motion was made in his behalf in arrest of judgment, upon grounds substantially which appear·in the grounds of appeal herein.

This motion in arrest of judgment was refused by the Circuit judge, and the defendant has appealed to this court upon the following grounds:

1. Because simple assault and battery, *i. e.*, assault and battery without aggravation, being a statutory offence under the general statutes of South Carolina, it is plain on the face of the indictment that both counts thereof are fatally defective in that they fail. to allege that the offence charged was committed contrary to " the form of the statute in such case made and provided."

2. Because the Court of General Sessions has not jurisdiction

in cases of assault and battery, except in such as are of a high and aggravated nature, requiring greater punishment than that prescribed by the statutes made and provided in cases of simple assault and battery; and because the general statutes of South Carolina vest courts of trial justices with exclusive jurisdiction in cases of common or simple assault and battery.

3. Because if the offence charged were one of assault and battery of a high and aggravated nature, in which the Court of General Sessions would have jurisdiction, the said indictment is fatally defective in that it does not set out the aggravation.

The grounds of appeal raise the questions—

1. As to the conclusion of the indictment.

2. As to the jurisdiction of the Court of General Sessions in cases of assault and battery.

3. As to the allegations necessary in an indictment for assault and battery.

The constitution, Article IV, section 31, requires that "all indictments shall conclude against the peace and dignity of the state."

And it is well-settled law, that in all statutory offences the indictment should conclude "against the form of the act," &c. This was held in the recent case of *State* v. *Strickland,* 10 *S. C.* 191; and is found in all the books on criminal practice and pleadings, and a failure in this respect renders the indictment fatally defective. *State* v. *Strickland, supra.* Is the offence charged in this indictment a statutory or a common law offence?

All assaults and batteries previous to the act of 1870, (*Gen. Stat.* 195,) were punishable at common law, and hence up to the passage of that act, they were all common law offences. The act of 1870, however, conferred upon trial justices jurisdiction in cases of assault and battery where the offence "is not of a high and aggravated nature," and fixed the punishment for such assaults and batteries by fine not exceeding $100 or imprisonment not exceeding thirty days, and since the passage of this act, this class of assaults and batteries has been punishable under its provisions, the common law punishment having been repealed thereby. *State* v. *Ripley,* 2 *Brev.* 300; *State* v. *Gray,* 14 *Rich.* 174. "The common law is superseded by a statute, in so far as it is repugnant to the latter." 1 *Bl. Com.* 89.

The effect of the act of 1870, was to divide assaults and batteries into two classes : *First.* Those "of a high and aggravated nature ;" and, *Second.* Those below that grade, jurisdiction as to the latter being conferred by the act upon trial justices, with authority to inflict punishment by fine not exceeding $100 or imprisonment not exceeding thirty days. The first class was left to the common law until 1878, when the general assembly passed "An act entitled 'An act to amend the law respecting the punishment for crime.'" 16 *Stat.* 453. This act altered and changed the common law punishments, in which imprisonment had been provided as a punishment in whole or in part, and subjected offenders in such cases to imprisonment in the penitentiary with or without hard labor, or in the county jail, with or without hard labor, at the discretion of the Circuit judge. This included assaults and batteries of the second class, and under the operation of the principle referred to above, this class by that act and immediately upon its passage, became a statutory offence, so that now all assaults and batteries are punishable by statute, and consequently all are statutory offences. Such being the fact, whether the offence charged in this indictment be assault and battery of a high and aggravated nature or one below that grade, the law absolutely requires that the indictment upon which a party is put upon his trial in such cases must conclude "against the form of the act," &c., &c. *State* v. *Strickland, supra.* The indictment in this case in neither of its counts thus concludes. It follows, therefore, that in this respect it is fatally defective.

Next : As to the jurisdiction of the Court of General Sessions in cases of assault and battery. Article IV., section 18, of the constitution provides "that the Court of General Sessions shall have exclusive jurisdiction over all criminal cases which shall not be otherwise provided for by law."

Article I., section 19, of the same instrument provides "that all offences less than felony and in which the punishment does not exceed a fine of $100 or imprisonment for thirty days, shall be tried summarily before a justice of the peace *or other officer authorized by law*," &c.

The Justice of the Peace Court has never been established, but a Trial Justice Court has been, by act of 1870, and its jurisdic-

tion therein defined almost in the same language as that of article I., section 19, above, of the constitution, conferring jurisdiction upon justices of the peace or other officer authorized by law. In the case of *State* v. *Fillebrown,* 2 *S. C.* 404, it was held that the general assembly might confer on an inferior tribunal, created by itself, the same powers which the constitution intended for justices of the peace. The Trial Justice Court is, therefore, a constitutional court, or rather its creation was authorized by the constitution, and it is entitled to exercise the powers which the act creating it has conferred upon it. This act, as we have seen, has given this court jurisdiction in cases of assault and battery of a grade below that of a high and aggravated nature, and where the punishment does not exceed a fine of $100 or by imprisonment of thirty days; and it has conferred this jurisdiction in language which indicates that it was the intention of the general assembly that it should be exclusive. The jurisdiction is conferred upon the trial justice, *as the other officer* than the justice of the peace, referred to in article I., section 19.

There can be no doubt that had the Justice of the Peace Court been established and the powers embraced in section 19 had devolved upon that court, as would have been the case by virtue of the section itself, that that court would have had exclusive jurisdiction in all offences less than felony where the punishment did not exceed $100 fine or imprisonment for thirty days.

This conclusion is reached by the very strong language of the section itself, and is sustained by the principle upon which the *State* v. *Williams,* 13 *S. C.* 585, overruled the case of the *State* v. *Harper,* 6 *S. C.* 464.

In the case of the State *v.* Harper the court had decided that trial justices had exclusive jurisdiction in cases of petit larceny. This decision was overruled in the case of State *v.* Williams on the ground that the punishment in petit larceny had not been limited to $100 fine and thirty days, imprisonment, which was required to make exclusive jurisdiction attach to Trial Justice Courts under Article I., Section 19, of the constitution.

The punishment of assault and battery, however, below the grade " of a high and aggravated nature, " is thus limited. This fact distinguishes assaults and batteries of that class from petit

larceny, and is the fact, on account of which the trial justice is entitled to exclusive jurisdiction in such cases.

It follows, from the construction thus given to Section 19, Article I., and to Section 18, Article IV., of the constitution, construed in the light of the case of State *v.* Williams and the act of 1870 in reference to trial justices, that trial justices have exclusive jurisdiction in cases of assault and battery not of a "high and aggravated nature," and that the Court of General Sessions has exclusive jurisdiction in cases of "a high and aggravated nature."

Now there is nothing on the face of this indictment which marks it as a case of a high and aggravated nature, and in the absence of some distinguishing feature of that kind the Court of General Sessions was without jurisdiction in the case.

We come now to the third ground of appeal, which involves an examination into the necessary allegations in an indictment for assault and battery in the Court of General Sessions. An indictment is the complaint of the state against the accused. Upon this the accused is put upon his trial. It should charge some offence cognizable by the court, and this offence, whatever it may be, should be clearly and distinctly set forth. The crime charged should be described with certainty, for "no latitude of intention will be allowed to include anything more than is expressed." *Chit. on Cr. L.* 171.

"Every crime must appear on the face of the record with scrupulous certainty." *Id.* 172. And in this respect it is needless to say that greater strictness is required in criminal than in civil proceedings. This is due to that tenderness which, as Lord Mansfield observes, should always prevail in criminal cases; and this is necessary, to the end that the accused may be fully informed of the offence which he is called to answer, and that the record may protect him in future. An indictment which fails to conform to these requisites is fatally defective. Now we have seen that assaults and batteries have been divided by the act of 1870 into two classes: *First*, "those of a high and aggravated nature," and, *Second*, those below that grade; the first class being exclusively cognizable by a trial justice, and the second exclusively cognizable in the Court of General Sessions. Where

z

a party then is charged with assault and battery before the Court of General Sessions, the indictment should show on its face that the assault and battery charged is of a high and aggravated nature. This is necessary to give the court jurisdiction and to put the accused to answer in that court.

Does the indictment, in this case, contain a charge of assault and battery of that kind on its face? The indictment is in the ordinary form. There is nothing in the description of the offence which would distinguish it from an ordinary simple assault and battery. It is not alleged, even in general terms, that it was high and aggravated, nor are there any special circumstances of aggravation stated; " beat, wound and ill treat," are the words used descriptive of the offence.

These are sufficient to show that an assault and battery is charged, but they do not indicate its character; whether the beating, wounding and ill treatment was mild—comparatively mild—or high and aggravated, does not appear. This is left to conjecture, and yet this is the essence of the offence in the Court of General Sessions. In the absence in the indictment of something showing the character and grade of the offence, how can it be said, even after conviction, that the accused has been convicted of an assault and battery of a high and aggravated nature, and how could the court graduate the punishment? The description in this indictment would be proper in a charge of the lowest grade, but where a high and aggravated offence is intended, something more is necessary. Serious bodily harm, intent to kill, intent to commit a felony, the use of a stick or deadly weapon, or something showing aggravation, should appear.

Did the jury in this case know that they were passing upon the question whether the offence was high and aggravated? This they should have known, because the punishment of that offence is very different from the offence below that grade, being the difference between the penitentiary for years perhaps, and a small punishment by fine and not more than thirty days in the county jail.

It is true that the act of 1870, defining the jurisdiction of trial justices in criminal cases in reference to assaults and batteries, leaves it to the discretion of the trial justice in the first

instance when a party is brought before him to determine whether he will take jurisdiction or bind the accused over ; but the act certainly never intended that his judgment in this matter should be final, and that he should have the power to fix, indisputably, the character of the offence when it came before the higher court.

The offence in the higher court consists of two ingredients : *First.* That it should be an assault and battery. *Second.* That it should be of a high and aggravated nature. If the trial justice's judgment, as to the last ingredient when he sends the case up, is conclusive, then this strange result would follow : That of the two ingredients which make up the offence before the Court of Sessions, the trial justice has already tried one without jury and without opportunity to the accused to defend, and the jury in the Court of Sessions is to try the other, and which, perhaps, is the least important—two tribunals adjudicating different ingredients of the same offence. Such could not have been the intent of the act of 1870.

The indictment in this case, in the judgment of the court, is fatally defective on its face, in the fact that it does not charge an assault and battery of a high and aggravated nature, either in general terms or in words descriptive of such an offence. The assault and battery charged, being upon the wife of the accused, he is certainly entitled to no sympathy if guilty, but he is entitled to be tried and punished, if guilty, according to law.

The order of the Circuit judge made on the motion in arrest of judgment is reversed.

MCIVER and MCGOWAN, A. J.'s, concurred.